UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THIRD EYE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-1488-B |
| | § | |
| FOUR WINDS INTERACTIVE, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

At a hearing on June 25, 2018, the Court sua sponte raised whether it had personal jurisdiction over Defendant Four Winds Interactive, LLC.[1] After finding that it did not, the Court dismissed this case. This Order explains why.

## I.

## BACKGROUND[2]

This is a breach-of-contract case. In January 2015, Plaintiff Third Eye, Inc. (Third Eye) and Defendant Four Winds Interactive LLC (Four Winds) executed a professional services agreement (PSA). Doc. 9, Pl.'s First Am. Compl., ¶ 6. Under the PSA, Third Eye promised to provide Four Winds with software support for Four Winds's products. *Id.* Third Eye did not provide the software support to Four Winds on its own. *Id.* Instead, it used the services of non-party UST Global, Inc.

---

[1]A district court may raise the issue of personal jurisdiction sua sponte. *Hazim v. Schiel & Denver Book Publishers*, 647 F. App'x 455, 457 (5th Cir. 2016).

[2] The Court draws its factual history from the parties' pleadings. Any contested fact is identified as a contention of a particular party.

- 1 -

(UST), whose employees work in Bangalore, India. *Id.* ¶ 8. Ten UST employees in Bangalore were assigned to service Four Winds's account. *Id.* ¶¶ 9, 14.

In 2017, Third Eye sought to hire the ten UST employees working on Four Winds's digital signs. *Id.* ¶ 10. Third Eye alleges Four Winds's Director of IT convinced the UST employees to join Third Eye's competitor, XLByte, instead. *Id.* ¶ 12. And so in August 2017, the ten UST employees rejected their Third-Eye offers and joined XLByte. *Id.* ¶ 14.

That September, Four Winds notified Third Eye that it was terminating the PSA in thirty days because the ten employees who were servicing its digital signs no longer worked for UST. *Id.* Shortly after cancelling with Third Eye, Four Winds contracted with XLByte, the employer of the ten former UST employees who serviced Four Winds's signs. *Id.* ¶ 17.

In April 2018, Third Eye's CEO, Shouvik Bhattacharyya, tried to win back Four Winds's business in an email. *Id.* ¶ 21. He detailed Third Eye's challenges moving forward without the ten UST employees and Four Winds's business. *Id.* Four Winds copied XLByte in its reply, and Third Eye alleges Four Winds thereby shared Third Eye's confidential information with XLByte, Third Eye's competitor, in violation of the PSA. *Id.* ¶ 23.

On May 31, 2018, Third Eye filed suit in Texas state court, asserting claims for breach of contract and tortious interference with contract and prospective business relations. Doc. 1-3, Pl.'s Original Pet., ¶¶ 20–36. Third Eye also sought a TRO preventing Four Winds from further disclosing its confidential information in the April 2018 email and from using the ten former UST employees to service its digital signs. *Id.* ¶ 42.

On June 8, 2018, the day Four Winds realized this case was filed, a Texas state judge denied the TRO orally, but Four Winds removed[3] the case to this Court later that day and before the state judge entered the order denying the TRO. Doc. 5, Pl.'s Resp., 5. The Court ordered Four Winds to respond to Third Eye's request for a TRO by June 13, Doc. 4, which it did, Doc. 5.

A hearing was scheduled for June 25, 2018 to address Third Eye's request for a TRO. But on June 22, 2018, Third Eye filed its first amended complaint and withdrew the request for a TRO. Doc. 9, Pl.'s First Am. Compl., 11 n.9. Nevertheless, the Court proceeded with the hearing and, on the record, dismissed Third Eye's first amended complaint sua sponte for lack of personal jurisdiction.

## II.

## LEGAL STANDARD

A plaintiff bears the burden of establishing a trial court's personal jurisdiction over each defendant. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). A plaintiff need only establish a prima facie case of jurisdiction; proof by a preponderance of the evidence is not required. *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 211 (5th Cir. 1999); *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). In deciding whether the plaintiff has made a prima facie case, non-conclusory factual allegations in the complaint must be taken as true. *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 592 (5th Cir. 1999). The Court may also consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Spademan*, 772 F.2d at 1192. All conflicts between the facts contained in the parties'

---

[3] Four Winds removed on the basis of diversity jurisdiction—Third Eye is a Texas corporation, Four Winds is a Colorado LLC, and Third Eye seeks more than one million dollars in damages. Doc. 1, Def.'s Notice of Removal, 2.

affidavits and other documentation must be resolved in the plaintiff's favor. *Cent. Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir. 2003).

A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant to the same extent as a forum-state court. *Wilson v. Belin*, 20 F.3d 644, 646 (5th Cir. 1994). A Texas state court can exercise jurisdiction over a non-resident if two preconditions are met: (1) the nonresident must be amenable to service of process under Texas's long-arm statute; and (2) the assertion of jurisdiction over the nonresident must comport with the Due Process Clause of the Constitution. *Jones*, 954 F.2d at 1067. Because Texas's long-arm statute has been held to extend to the limits of due process, the Court need only determine whether jurisdiction over the defendant is constitutionally permissible. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990).

To meet the federal constitutional test of due process, two elements must be satisfied: (1) the defendant must have purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state such that it should reasonably anticipate being haled into court there; and (2) the exercise of jurisdiction over the defendant must not offend traditional notions of fair play and substantial justice. *Jones*, 954 F.2d at 1068.

The "minimum contacts" prong of the due process analysis can be met through contacts giving rise to either specific or general jurisdiction. *Gundle Lining Constr. Corp. v. Adams Cty. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996). "General personal jurisdiction is found when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial." *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999). In contrast, specific personal jurisdiction is established through the defendant's contacts with the forum state arising from, or related to, the cause of action. *Gundle*, 85 F.3d at 205.

**III.**

**ANALYSIS**

*A.     General Jurisdiction*

The Court plainly lacks general jurisdiction over Four Winds. Third Eye has not alleged Four Winds is connected to Texas in any way other than the fact that the parties entered into the PSA. Four Winds lacks substantial continuous and systemic connections with Texas and is not otherwise at home in Texas.

*B.     Specific Jurisdiction*

The Court also lacks specific jurisdiction over Four Winds. *Holt Oil & Gas Corp. v. Harvey* explains why. 801 F.2d 773 (5th Cir. 1986). There, four facts tied the defendant, Harvey, to Texas: "(1) Harvey entered into a contract with [plaintiff] Holt, a Texas corporation; (2) Harvey sent a final revised joint operating agreement from Oklahoma to Texas; (3) Harvey sent three checks from Oklahoma to Texas in partial performance of its contractual obligations; and (4) Harvey engaged in extensive telephonic and written communication with Holt." *Id.* at 778. The Fifth Circuit held that these facts were not enough to support an exercise of specific jurisdiction over Harvey because "merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction." *Id.* Critical to the court's holding was the fact that "the contract . . . specif[ied] that Oklahoma law would govern the agreement," "performance of the contract was centered in Oklahoma rather than Texas," and Harvey's "communications to Texas rested on nothing but 'the mere fortuity that [Holt] happens to be a resident of the forum.'" *Id.* (quoting *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1147 (5th Cir. 1985)); *see, e.g.*, *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485,

489 (5th Cir. 2018); *Brammer Eng'g, Inc. v. E. Wright Mountain Ltd. P'ship*, 307 F. App'x 845, 848 (5th Cir. 2009).

*Holt* is similar to this case. Four Winds appears to have no connection to Texas other than its dealings with Third Eye. Four Winds is a Colorado LLC with no Texas members, does not rent or own property in Texas, has no Texas employees and has never recruited employees in Texas, delivers its products electronically, and performs its work in Colorado or through outsourcing in India. Doc. 5, Def.'s Resp., 2–3. The PSA was not performed in Texas but in India, where the ten former UST employees work. *Id.* at 9. And the contract says Colorado law governs the parties' disputes. *Id.* Like the defendant in *Holt*, Four Winds's connection to Texas is based only on its contract and negotiations with Third Eye, a Texas corporation. Such a connection was not enough in *Holt*, so it is not enough here.

## V.

## CONCLUSION

For the reasons stated, the Court **DISMISSES** Third Eye's first amended complaint for lack of personal jurisdiction.

**SO ORDERED.**

**SIGNED: June 27, 2018.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE